```
            IN THE UNITED STATES DISTRICT COURT FOR
            THE DISTRICT OF MARYLAND, NORTHERN DIVISION
```

|  |  |
|---|---|
| IN THE MATTER OF COMPLAINT OF DRONES MARINE LLC, AS OWNER OF "FLYING COLOURS," A 54-FOOT 1992 LITTLE HARBOR RECREATIONAL SLOOP, FOR EXONERATION OR LIMITATION OF LIABILITY | *<br>*<br>*   CIVIL NO.: WDQ-07-1424<br>*<br>*<br>* |

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

Drones Marine LLC ("Drones") filed a complaint for exoneration from or limitation of liability concerning the disappearance of its ship, the *Flying Colours*. Michael Borisoff, Carol Dale, and Mary Grinavic ("Claimants"), have moved for a transfer of venue under Supplemental Rule F(9). *See* Supplemental Rules for Certain Admiralty and Maritime Claims, Fed. R. Civ. P. F(9). For the following reasons, Claimants' motion to transfer will be granted.

I. Background

On May 7, 2007, the *Flying Colours* was lost at sea far off the coast of North Carolina. Compl. ¶ 5. The ship and its four-person crew[1] were in transit from the Virgin Islands to Annapolis, Maryland. *Id.* The Coast Guard searched to no avail

---

[1] Patrick Topping captained the *Flying Colours*; Jason Franks, Christine Grinavic, and Rhiannon Borisoff made up the rest of the crew. Drones's Supp. Mem. at 2.

for the *Flying Colours*. *Id.*

Drones, the owner of the *Flying Colours*, is a limited liability company incorporated in Rhode Island. *Id.* ¶ 2. Drones maintains its principal place of business in Washington, D.C. Drones's Supp. Mem. at 1. Dale and Grinavic are Rhode Island residents, and Borisoff is an Oregon resident. Paper Nos. 8-10.

On May 30, 2007, Drones filed a complaint for exoneration from or limitation of liability in this Court. Paper No. 1. Borisoff, Dale, and Grinavic filed claims against Drones on July 26, 2007. Paper Nos. 8-10. On July 31, 2007, Claimants filed a motion to transfer the action to the United States District Court for the District of Rhode Island. Paper No. 16.

II. Analysis

A. Standard of Review

Under Supplemental Rule F(9), a shipowner who seeks to limit liability and has not been sued or had his vessel attached or arrested must file a complaint within the district where the vessel is located. Fed. R. Civ. P. F(9).[2] Presence in the

---

[2] The venue provision provides:

> The complaint shall be filed in any district in which the vessel has been attached or arrested to answer for any claim with respect to which the plaintiff seeks to limit liability; or, if the vessel has not been attached or arrested, then in any district in which the owner has been sued with respect to any such claim. When the vessel has not been attached or arrested to answer the matters aforesaid, the proceedings may be had in the district in which the vessel may be, but if the vessel is

2

"district" refers to a federal district court's geographical boundaries. *In re Complaint of Mike's, Inc.*, 317 F.3d 894, 897 (8th Cir. 2003). If a ship is lost at sea, it is not within any district. Grant Gilmore & Charles L. Black, Jr., *The Law of Admiralty* 850-52 n.47 (2d ed. 1975). In these situations, a complaint may be filed in any district. Fed. R. Civ. P. F(9).

A maritime limitation of liability action may be transferred to "any district," if it is "[f]or the convenience of parties and witnesses, in the interest of justice." *Id.* The factors considered under Supplemental Rule F(9) are the same as those developed under the federal transfer of venue statute, 28 U.S.C. § 1404(a). *In re Alamo Chem. Transp. Co.*, 323 F. Supp. 789, 791 (S.D. Tex. 1970); Gilmore & Black, *supra*, at 850-52 n.47. In determining whether to grant a motion to transfer, courts consider four factors: (1) the weight accorded the plaintiff's choice of forum; (2) witness convenience and access; (3) convenience of the parties; and (4) the interest of justice.

---

> not within any district and no suit has been commenced in any district, then the complaint may be filed in any district. For the convenience of parties and witnesses, in the interest of justice, the court may transfer the action to any district; if venue is wrongly laid the court shall dismiss or, if it be in the interest of justice, transfer the action to any district in which it could have been brought. If the vessel shall have been sold, the proceeds shall represent the vessel for the purposes of these rules.

Fed. R. Civ. P. F(9).

*Cross v. Fleet Reserve Ass'n Pension Plan*, 383 F. Supp. 2d 852, 856 (D. Md. 2005). The moving party bears the burden of establishing that transfer to another forum is proper. *Lynch v. Vanderhoef Builders*, 237 F. Supp. 2d 615, 617 (D. Md. 2002). Unless the factors weigh heavily toward the defendant, "the plaintiff's choice of forum should rarely be disturbed." *Collins v. Straight, Inc.*, 748 F.2d 916, 921 (4th Cir. 1984) (internal quotation marks omitted).

B. Motion to Transfer Under Supplemental Rule F(9)

1. Weight Accorded Plaintiff's Choice of Venue

A plaintiff's choice of venue is generally given considerable weight. *Cross*, 383 F. Supp. 2d at 856. But this weight is reduced "'when none of the conduct complained of occurred in the forum selected by the plaintiff and said forum has no connection with the matter in controversy.'" *Dicken v. United States*, 862 F. Supp. 2d 91, 93 (D. Md. 1994) (*quoting Mims v. Proctor & Gamble Distrib. Co.*, 257 F. Supp. 648, 657 (D.S.C. 1966)). The *Flying Colours* was lost at sea off the coast of North Carolina. Its "hailing port" was in Washington, D.C., as is Drones's principal place of business. Drones is a Rhode Island corporation. Yet Drones maintains that its connections with the District of Maryland warrant giving its choice of venue substantial weight.

Drones alleges that the *Flying Colours* was frequently docked

4

in Annapolis, Maryland, and that the vessel was repaired in Oxford, Maryland in 2004.  Drones also references the *Flying Colours*'s Annapolis destination on its voyage from the Virgin Islands.  But Drones acknowledges that the *Flying Colours* was also repaired in Rhode Island, made frequent stops in Massachusetts, Maine, and New York, and spent the winter months in the Caribbean.

In support of its argument, Drones cites several cases in which courts refused to grant a transfer of venue in a limitation proceeding.  *See Humble Oil & Refining Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53 (5th Cir. 1963); *In re Complaint of Am. President Lines, Ltd.*, 890 F. Supp. 308 (S.D.N.Y. 1995); *In re Complaint of Conn. Nat'l Bank*, 687 F. Supp. 111 (S.D.N.Y. 1988).  In each of these cases, there were strong jurisdictional or business-related ties to the forum.  *See Humble Oil*, 321 F.2d at 54 (suit filed in federal court in Texas because the vessel was located there); *In re Complaint of Am. President Lines*, 890 F. Supp. at 318 (large global organizations had connections and resources in New York); *In re Complaint of Conn. Nat'l Bank*, 687 F. Supp. at 113-14 (principal plaintiff was New York corporation, all other party-corporations opposed transfer, and proposed forum had no interest in the litigation).  Drones's minimal business ties and the *Flying Colours*'s periodic stops in Maryland do not provide an adequate link to this District.

Drones also contends that the Claimants are obliged to produce affidavits to substantiate their transfer motion. Drones's Supp. Mem. at 6 (*citing Helsel v. Tishman Realty & Constr. Co., Inc.*, 198 F. Supp. 2d 710 (D. Md. 2002)).  In *Helsel*, the court explained that the defendant must establish by a preponderance of the evidence that transfer to another venue would better serve the interests of justice and convenience the parties and witnesses.  *Id.* at 711.  In making this determination, the court required the defendants to produce affidavits detailing the inconvenience caused by the case remaining in the original district.  *Id.* at 712.

Although Claimants have not produced any affidavits detailing the hardship caused by the suit remaining in this District, Dale and Grinavic have claimed Rhode Island residency in official court documents.  *See* Paper Nos. 9-10.  Given Drones's limited ties to Maryland, its Rhode Island corporate status, and the disappearance of the *Flying Colours* far off the coast of North Carolina, the substantial weight typically accorded a plaintiff's choice of forum is not warranted. Accordingly, this factor favors Claimants.

2. Witness Convenience and Access

Claimants provide a lengthy list of material witnesses that "are scattered around the United States and at least 3 other countries."  Claimants' Supp. Mem. at 3-5.  Claimants contend

6

that the Rhode Island location of five of these witnesses should be determinative of their transfer motion.  Drones counters that Claimants have failed to produce any affidavits detailing the proposed testimony of these witnesses, and have provided incomplete information for other proposed witnesses.

The most important factor in a § 1404(a) motion to transfer is the convenience of witnesses.  *Roby v. Gen. Tire & Rubber Co.*, 500 F. Supp. 480, 486 (D. Md. 1980).  But presenting a long list of prospective witnesses is not determinative.  *See, e.g.*, *Dev. Co. of Am. v. Ins. Co. of N. Am.*, 249 F. Supp. 117, 118 (D. Md. 1966) ("[C]ourts have refused to let applications for transfer become a 'battle of numbers' with the victor emerging as the party who is able to present the longest list of witnesses located in the desired district of transfer.").  For its part, Drones does not maintain that any material witnesses are located in Maryland, but rather that two employees and company financial records are located in Washington, D.C.  This is not dispositive, as the relative convenience of party-employees is entitled to little weight.  *Samsung Elecs. Co. v. Rambus, Inc.*, 386 F. Supp. 2d 708, 718 (E.D. Va. 2005).  Moreover, that the District of Columbia is geographically close to Maryland does not require keeping the case in this District.  Claimants' witness list, in contrast, contains several Rhode Island witnesses.  But Claimants do not explain how these witnesses will be inconvenienced by

7

testifying in Maryland or the nature of their testimony beyond their occupations and relationship with some of the decedents. On balance, this factor is neutral.

3. Convenience of the Parties

Two of the three claimants reside in Rhode Island and Drones is a Rhode Island corporation. Although Drones's state of incorporation is not dispositive, *see, e.g.*, *Glickenhaus v. Lytton Fin. Corp.*, 205 F. Supp. 102, 106-07 (D. Del. 1962), it certainly weighs in favor of Claimants when Drones's principal place of business is also not in this District. Accordingly, this factor weighs in Claimants' favor.

4. Interests of Justice

The interests of justice also weigh in favor of Claimants. The four decedents were all Rhode Island residents and two Claimants and Drones are also Rhode Island citizens. The Court has not ruled on any motions, discovery has not begun, and Drones has not produced any substantial ties to this District. Judicial efficiency and the administration of justice will not be harmed by a transfer of the case to the District of Rhode Island.

III. Conclusion

    For the reasons stated above, Claimants motion to transfer venue to the United States District Court for the District of Rhode Island will be granted.


<u>October 18, 2007</u>                           <u>        /s/                </u>
Date                                           William D. Quarles, Jr.
                                              United States District Judge